UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JIBRAEL HINDI,

    Plaintiff,

v.                                          **COMPLAINT – CLASS ACTION**

LATHAM AND HATCH, LLC, a North
Carolina corporation, TONI DAVIS, an
individual, and JOHN DOE, an individual,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative classes, Plaintiff JIBRAEL HINDI ("Plaintiff"), seeks redress for the unlawful conduct of Defendants LATHAM AND HATCH, LLC ("L&H"), TONI DAVIS ("T.Davis"), and JOHN DOE ("J.Doe"), *to wit*, for violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, L&H, T.Davis, and J.Doe (collectively, the "Defendants"), have dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations of § 559.72(9) of the FCCPA, and § 1692d(6), § 1692e(11), and § 1692g(a)(3)-(5) of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair" debt-collection practices. Crawford v.

LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2.   "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3.   The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

4.   The Florida Legislature enacted the FCCPA to "further define[] and protect[] an individual's right of privacy." Fla. Stat. §559.552. The FCCPA operates to overlap and expand the FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (citing Fla. Stat. §559.552.)). Put differently,

5.   As set forth in more detail below, Defendants have placed thousands of unlawful collection calls and dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect a debt, in that: (1) Defendants did not inform Plaintiff that Defendant(s) were a debt collector in violation of § 1692e(11); (2) Defendants failed to meaningfully identify itself/themselves in collection calls placed to call members; (3) Defendants failed to provide the necessary disclosures mandated by § 1692g(a)(3)-(5); and (4) Defendants sought to collect a debt that they (Defendants) were not authorized to collect in violation of Fla. Stat. § 559.72(9).

Accordingly, Plaintiff, on behalf of the putative classes, seeks statutory damages under the FDCPA and FCCPA over the punitive class timeframes set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

8. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

9. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

10. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

11. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

13. L&H is a North Carolina corporation, with its principal place of business located in Granite Falls, North Carolina.

14. T.Davis is a natural person, agent of L&H, and citizen of North Carolina.

15. J.Doe is a natural person, agent of L&H, and citizen of North Carolina.

16. Defendant L&H is a corporation subject to the FCCPA. *See*, *e.g.*, <u>Cook v. Blazer Fin. Services, Inc.</u>, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

17. Defendants T.Davis and J.Doe are authorized agents and/or employees of L&H, and at all times material hereto, acted on behalf of L&H to effectuate the complied of conduct suffered by the below defined classes. *See* <u>Belin v. Litton Loan Serv., L.P.</u>, 2006 WL 1992410 (M.D. Fla. July 14, 2006) (employees of a debt collection agency who actually engaged in the allegedly unlawful misconduct and the collection agency itself are jointly and severally liable for the resulting FDCPA violations).

18. Defendants engage in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19. At all times material hereto, Defendants were acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

20. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

21. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a (5); Fla. Stat. §559.55(6).

22. Defendant L&H is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency" and L&H's "Consumer Collection Agency" license number is CCA9903835

23. On a date better known by Defendants, Defendants began attempting collect the Consumer Debt from Plaintiff.

24. On November 30, 2017, Defendants placed a telephone call to Plaintiff in an attempt to collect the Consumer Debt, was forwarded to Plaintiff's voicemail, and left Plaintiff a voicemail message (the "First Voicemail" or "Initial Communication").

25. The First Voicemail was Defendants' initial communication with Plaintiff in connection to the Consumer Debt

26. Defendants were required by § 1692d(6) of the FDCPA to meaningfully identify itself/themselves in the First Voicemail.

27. Defendants were required by § 1692e(11) of the FDCPA to, *inter alia*, disclose in the First Voicemail that Defendants were a collection agency and/or debt collector and that Defendants were attempting to collect a debt.

28. The First Voicemail triggered Defendants' obligation(s) to disclose to Plaintiff the information mandated by § 1692g(a)(1)-(5) of the FDCPA.

29. Defendants did not provide the information mandated by § 1692g(a) of the FDCPA in the First Voicemail, nor was such information provided to Plaintiff, in writing, within five (5) days thereof.

30. In the First Voicemail, **Defendants did not disclose** that: (a) Defendants were a debt collector; (2) that Defendants were attempting to collect a debt; or (3) that any information obtained would be used for debt collection purposes.

31. In the First Voicemail, Defendants did not disclose the nature of L&H's business, nor did Defendants disclose the purpose of call and/or communication.

32. On December 04, 2017, Defendants placed a telephone call to Plaintiff in an attempt to collect the Consumer Debt, was forwarded to Plaintiff's voicemail, and left Plaintiff a second voicemail message (the "Second Voicemail").

33. Defendants did not disclose in the Second Voicemail that such was a communication from a debt collector.

34. On December 05, 2017, Defendants placed a telephone call to Plaintiff in an attempt to collect the Consumer Debt, was forwarded to Plaintiff's voicemail, and left Plaintiff a third voicemail message (the "Third Voicemail").

35. Defendants did not disclose in the Third Voicemail that such was a communication from a debt collector.

36. At all times material hereto, Defendants contacted Plaintiff *from* a phone number ending in 2051, and Defendants contacted Plaintiff *at* a phone number ending in 1136.

37. On December 04, 2017, Defendants simultaneously dispatched three collection letters, along with a cover letter, (the "Collection Letters") to Plaintiff via facsimile. A copy of the Collection Letters are attached hereto as Exabit "A."

38. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

39. This action is brought on behalf of the following class, *to wit*, the "**Mini-Miranda Class**," the "**Identification Class**," the "**G-notice Class**," and the "**FCCPA Class**."

40. The "**Mini-Miranda Class**" consists of:

> (i) all persons with Florida addresses (ii) who received a telephone call (iii) between 12/15/2016 and 12/14/2017 (iv) from and/or on behalf of L&H (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendants were not the original-creditor, (vii) and L&H, by and through its agents, left a voicemail message (viii) in which it does not disclose that such is a communication from a debt collector.

41. The "**Identification Class**" consists of:

(i) all persons with Florida addresses (ii) who received a telephone call (iii) between 12/15/2016 and 12/14/2017 (iv) from and/or on behalf of L&H (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendants were not the original-creditor, (vii) and L&H, by and through its agents, left a voicemail message and (viii) did not meaningfully identify itself in such voicemail.

42. The "**G-notice Class**" consists of:

(i) all persons with Florida addresses (ii) who received a call or letter (iii) between 12/15/2016 and 12/14/2017 (iv) from and/or on behalf of L&H (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendants were not the original-creditor, (vii) whereby said letter or call was Defendants' initial communication in connection with the collection of a debt and (viii) said persons were not provided the information required § 1692g(a)(3)-(5) in said communication.

43. The "**FCCPA Class**" consists of:

(i) all persons with Florida addresses (ii) who received a collection call or collection letter (iii) from and/or on behalf of L&H (iv) between 12/15/2015 and 12/14/2017 (v) that triggered the obligation to provide the information mandated by § 1692g(a)(3)-(5) and (vi) such persons did not receive such mandatory information from Defendants in compliance with § 1692g(a)(3)-(5).

44. Plaintiff alleges on information and belief, the Mini-Miranda Class, the Identification Class, the G-notice Class, and the FCCPA Class, is so numerous that joinder of all members is impracticable because Defendants have dispatched thousands of identical dunning letters to addresses in Florida attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

45. Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

46. With respect to the **Mini-Miranda Class**:

    (a) The *factual issues common* to the class are whether members received a telephone call from L&M, in an attempt to collect a consumer debt, and a voicemail was left, during the class period; and

    (b) The *principal legal issue* of the class is whether Defendants failed to provide the disclosures mandated by 15 U.S.C. 1692e(11).

47. With respect to the **Identification Class**:

    (a) The *factual issues common* to the class are whether members received a telephone call from L&M, in an attempt to collect a consumer debt, and a voicemail was left, during the class period; and

    (b) The *principal legal issue* of the class is whether Defendants failed to meaningfully disclose its identify in violation of 15 U.S.C. 1692d(6).

48. With respect to the **G-notice Class**:

    (a) The *factual issues common* to the class are whether members received a letter or phone call from L&M in an attempt to collect a consumer debt, within the class period; and

    (b) The *principal legal issue* of the class is whether L&M was required to provide the disclosures mandated by 15 U.S.C. 1692g(a)(3)-(5) and failed to provide such disclosures in compliance with 15 U.S.C. 1692g(a)(3)-(5).

49. With respect to the **FCCPA Class**:

    (a) The *factual issues common* to the class are whether members were contacted by L&M in an attempt to collect a debt, and in doing so, Defendants violated 15 U.S.C. 1692g(a)(3)-(5); and

  (b) The *principal legal issue* for the class is whether L&M, by having violated the § 1692g(a)(3)-(5) of the FDCPA, violates § 559.72(9) of the FCCPA.

50. Excluded from each class is Defendants' agents and employees, Plaintiff's attorney and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

51. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

52. Plaintiff is an adequate representative of each of the classes.

53. Plaintiff will fairly and adequately protect the interests of the classes.

54. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

55. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(11)

57. On behalf of the Mini-Miranda Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

58. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e.

59. As stated above, Defendants did not disclose in the First Voicemail that Defendants were, *inter alai*, a debt collector, that it was attempting to collect a debt, or that any information obtained from Plaintiff could be used for that purpose. Further, Defendants did not disclose in the Second or Third Voicemail that such was communication from a debt collector. Section 1692e(11) of the FDCPA requires that certain disclosures be provided in all communications had with the

consumer. Here, the voicemail messages received by class members from Defendants do not – at minimum – disclose that Defendants are a debt collector and/or a collection agency in violation § 1692e(11). *See* Garo v. Global Credit & Collection Corp., 2011 WL 251450 (D. Ariz. Jan. 26, 2011) ("The fact that a debt collector may leave a message, in which the debt collector is otherwise unidentified, to contact the consumer at a phone number that had previously been contained in the debt collector's correspondence with the consumer is insufficient to identify the subsequent communication as being from a debt collector as is required by § 1692e(11).")

60. WHEREFORE, Plaintiff, individually and on behalf of the Mini-Miranda Class, request that the Court enter judgment in favor of Plaintiff and the Mini-Miranda Class and against Defendants, jointly and severally, for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692d(6)

61. On behalf of the Identification Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

62. Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of § 1692d set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to, "… the placement of telephone calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

63. As stated above, voicemails received by class members from Defendants do not meaningfully disclose the identity of Defendants, *i.e.*, Defendants do not disclose the capacity under which Defendants were contacting Plaintiff and/or that Defendants were attempting to collect a debt. With respect to the class, voicemail messages left by Defendants in an attempt to collection a debt, wherein Defendants do not identify itself as, *among other things*, a debt collector, violate the § 1692d(6). See Wood v. GC Servs., L.P., 2012 WL 995207 (M.D. Fla. Mar. 23, 2012) (failure to identify the collection agency and state that the call regarded a debt "was a material failure to comply with the statute, not a mere technical violation"); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) ("defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine"); Rhodes v. Olson Assocs., P.C., 2015 WL 1136176 (D. Colo. Mar. 13, 2015) (FDCPA class certified where there was no disclosure in voicemails of debt collection nature of caller's business); Smith v. Greystone Alliance L.L.C., 2010 WL 2680147 (N.D. Ill. June 30, 2010) (certified class of consumers for whom defendant left voicemail messages without identifying itself as debt collector); Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) ("defendant necessarily violated § 1692d(6) when Elizabeth failed to disclose her identity as a debt collector and the nature of the call when she left the messages on plaintiff's voice mail").

64. WHEREFORE, Plaintiff, individually and on behalf of the Identification Class, request that the Court enter judgment in favor of Plaintiff and the Identification Class and against Defendants, jointly and severally, for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

## *COUNT III.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)**

65. On behalf of the G-notice Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

66. Section 1692g(a) of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. Specifically, §1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

>the consumer with the name and address of the original creditor, if different from the current creditor.

<u>15 U.S.C. § 1692g.</u>

67. As stated above, Defendants did not provide any of the information required by § 1692g(a)(3)-(5) in the Initial Communication (or, for that matter, any communication) with Plaintiff, nor was such information provided, in writing, within five (5) days thereof. On information and belief, Defendants' initial communication(s) with each class member in connection with the collection of a debt, regardless of the medium, did not contain the information explicitly required by §1692g(a)(3)-(5), nor was such information provided, in writing, within five (5) days thereof. Accordingly, Defendants violated § 1692g(a)(3)-(5) of the FDCPA by failing provide each class member, either within the initial communication or within five days thereafter, the information and/or rights required by § 1692g(a)(3)-(5).

68. WHEREFORE, Plaintiff, individually and on behalf of the G-notice Class, requests the Court enter judgment in favor of Plaintiff and the G-notice Class and against Defendants, jointly and severally, for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

### *COUNT IV.* <br> **VIOLATION OF FLA. STAT. § 559.72(9)**

69. On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

Case 1:17-cv-24557-KMM   Document 1   Entered on FLSD Docket 12/17/2017   Page 15 of 17

70. As stated above, the FCCPA was enacted to build upon the protections enjoyed by consumers under the FDCPA. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

71. Defendants' attempt to collect the Consumer Debt from Plaintiff was unlawful because Defendants, as set forth in Count I, II, and III, had failed to comply with § 1692d(6), § 1692e(11), and 1692g(a)(3)-(5) of the FDCPA. Accordingly, by nature of the FCCPA, Defendants dually violated Fla. Stat. § 559.72(9). Regardless of whether Defendants had the right to demand payment of the Consumer Debt, a debt collector cannot "lawfully" collect a consumer debt in violation of the FDCPA. Simply put, *any* legal right to demand payment of the Consumer Debt that Defendants *may have* possessed was nullified by Defendants' violation of § 1692d(6), § 1692e(11), or § 1692g(a)(3)-(5).

72. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, request the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendants, jointly and severally, for:

(1) Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(3) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(4) Such other or further relief as the Court deems proper.

DATED: December 17, 2017

 /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33305
Phone:      954-543-1325
Fax:          954-507-9975

*COUNSEL FOR PLAINTIFF*